Richard G. Himelrick (004738)
J. James Christian (023614)
**TIFFANY & BOSCO, P.A.**
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, AZ 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
E-mail: rgh@tblaw.com; jjc@tblaw.com

Lionel Z. Glancy
Robert V. Prongay
Robin B. Howald
Leanne Heine Solish
Elaine Chang
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Attorneys for Plaintiff Hongwei Li

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Derick Larson,<br><br>       Plaintiff,<br><br>      v.<br><br>Insys Therapeutics Incorporated, et al.,<br><br>      Defendants. | Lead Case No. CV-14-01043-PHX-GMS<br>Consolidated with:<br>No. CV-14-1077-PHX-GMS<br><br>**STIPULATION OF SETTLEMENT** |
| Hongwei Li,<br><br>       Lead Plaintiff,<br>v.<br><br>Insys Therapeutics Incorporated, et al.,<br><br>      Defendants. | |

308163.1 INSYS

This Stipulation of Settlement dated as of May 28, 2015 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiff Hongwei Li ("Lead Plaintiff") on behalf of himself and all other members of the Settlement Class (as defined herein) (collectively, "Plaintiffs"), by and through his counsel of record in the Litigation (as defined herein); and Defendants (ii) Insys Therapeutics, Inc. ("Insys" or the "Company"), and (iii) Michael L. Babich, Darryl S. Baker, John N. Kapoor, Ph.D., and Larry M. Dillaha, M.D. (collectively, the "Individual Defendants") ((ii) and (iii) are collectively the "Defendants"), by and through their counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.  THE LITIGATION

On May 15, 2014, Derick Larson filed a purported securities class action complaint in the United States District Court for the District of Arizona (the "Court") titled *Larson v. Insys Therapeutics, Inc.*, No. 14-cv-01043-PHX-GMS.  On May 19, 2014, Hongwei Li filed a related action in this Court titled *Li v. Insys Therapeutics Incorporated et al.*, Case No. 2:14-cv-01077-PHX-GMS.  By Court Order dated August 29, 2014, the above-captioned cases were consolidated for all purposes, Hongwei Li was appointed as Lead Plaintiff, Glancy Binkow & Goldberg LLP[1] was appointed Lead Counsel, and Tiffany & Bosco, P.A. was appointed as Liaison Counsel (Dkt. No. 32).

On October 27, 2014, Lead Plaintiff filed the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") (Dkt. No. 41), alleging violations of §§ 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, against Insys and certain of its officers and directors.

---

[1] The law firm of Glancy Binkow & Goldberg LLP has since changed its name to Glancy Prongay & Murray LLP. Notifications were filed with the Court on May 7, 2015 (Dkt. Nos. 60-63).

STIPULATION OF SETTLEMENT
CASE NO. CV-14-01043-PHX-GMS

308163.1 INSYS

On December 12, 2014, Defendants filed a motion to dismiss the Complaint (Dkt. No. 49). On March 19, 2015, the parties participated in an all-day mediation session before Jill R. Sperber, Esq. Although Lead Plaintiff and Defendants did not reach an agreement to settle this matter during the March 19, 2015 mediation, the parties continued to engage in settlement negotiations with the assistance of Ms. Sperber.

On April 10, 2015, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss (Dkt. No. 56).

On April 14, 2015, the parties reached an agreement-in-principle to settle the case pursuant to a mediator's proposal issued by Ms. Sperber.  That same day, the parties negotiated and executed a term sheet that outlined and confirmed the material terms of the agreement.

On April 29, 2015, the Court issued an Order vacating the current case schedule in light of the parties' agreement to settle the matter (Dkt. No. 59).

## II.  DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Litigation. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that Plaintiffs have suffered any damages, that the price of Insys Publicly Traded Securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that Plaintiffs were harmed by the conduct alleged in the Litigation. Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.

Nonetheless, Defendants have concluded, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation, that further involvement in the Litigation would be protracted and expensive, and that it is, therefore, desirable and beneficial that the Litigation be fully and finally settled in the manner and

upon the terms and conditions set forth in this Stipulation (the "Settlement").

## III.    CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Lead Plaintiff and his counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial, post-trial motions and appeals. Lead Plaintiff and his counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff and his counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiff and his counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Lead Plaintiff and his counsel have determined that the Settlement set forth in the Stipulation is in the best interests of the Settlement Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiff (for himself and the Settlement Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation, the Released Claims against the Released Defendants' Parties, and the Released Defendants' Claims against the Released Plaintiffs' Parties, shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties (as defined herein), upon and subject to the terms and conditions of the Stipulation, as follows:

### 1.    Definitions

In addition to terms defined elsewhere in this Stipulation, the following terms, as used in the Stipulation, shall have the meanings specified below:

**STIPULATION OF SETTLEMENT**
**CASE NO. CV-14-01043-PHX-GMS**

308163.1 INSYS

1.1     "Authorized Claimant" means any member of the Settlement Class who submits a timely and valid Proof of Claim and Release form to the Settlement Administrator and whose proof of claim is not rejected. Only those members of the Settlement Class filing valid and timely Proofs of Claim and Releases shall be entitled to receive any distributions from the Net Settlement Fund.

1.2     "Claims Administrator" or "Settlement Administrator" means the firm of Angeion Group, which shall administer the notice and claim procedures.

1.3     "Defendants" means Insys, Michael L. Babich, Darryl S. Baker, John N. Kapoor, Ph.D., and Larry M. Dillaha, M.D.

1.4     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.5     "Escrow Account" means the interest-bearing account created pursuant to ¶2.1.

1.6     "Escrow Agent" means the law firm of Glancy Prongay & Murray LLP or its successor(s).

1.7     "Execution Date" means the last date upon which this Stipulation has been signed by all the signatories hereto through their counsel.

1.8     "Final" means, with respect to any judgment or order, including but not limited to the Final Order and Judgment, that such judgment or order represents a final and binding determination of all the issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, a judgment or order becomes "Final" when: (1) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the Litigation; or (2) an appeal has been filed and the court of appeals has/have either affirmed the underlying order or judgment in its entirety, or dismissed that appeal and the time for any reconsideration or further appellate review has passed, including any period for service by mail such as under Federal Rule of Civil Procedure 6(a) and (e); or (3) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment in its entirety, or affirmed the court of

4

appeals' decision affirming the order or judgment in its entirety, or dismissing the appeal. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses, the Plan of Allocation of the Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims, and any such appeal shall not in any way delay or affect the time set forth above for the Final Order and Judgment to become Final.

1.9    "Gross Settlement Fund" means the Settlement Amount plus all interest earned thereon.

1.10    "Insys" or the "Company" mean Insys Therapeutics, Inc. and any of its predecessors, successors, direct or indirect parents, direct or indirect subsidiaries, divisions, or affiliates.

1.11    "Insys Publicly Traded Securities" means Insy common stock and Insys put and call options.

1.12    "Individual Defendants" means Michael L. Babich, Darryl S. Baker, John N. Kapoor, Ph.D., and Larry M. Dillaha, M.D.

1.13    "Judgment," "Final Judgment," or "Final Order and Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.14    "Lead Counsel" means the law firm of Glancy Prongay & Murray LLP (formerly Glancy Binkow & Goldberg LLP) or its successor(s).

1.15    "Lead Plaintiff" means Hongwei Li.

1.16    "Litigation" or "Action" means the consolidated securities class action pending in this Court under the caption *Larson v. Insys Therapeutics Incorporated, et al.*, Lead Case No. 14-cv-01043-PHX-GMS, including, without limitation, all cases consolidated under that caption.

1.17    "Net Settlement Fund" means the Gross Settlement Fund less: (i) any Court

308163.1 INSYS

awarded attorneys' fees, costs, and expenses; (ii) notice and administration costs; (iii) Taxes and Tax Expenses; (iv) any reimbursement award to Lead Plaintiff; and (v) other Court-approved deductions.

1.18  "Parties" means Lead Plaintiff and the Defendants. The "Parties hereto" means all those Persons whose counsel have signed this Stipulation on their behalf.

1.19  "Person(s)" means any individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal or political entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.20  "Plaintiff" means any plaintiff who appeared in this Litigation.

1.21  "Plan of Allocation" means the plan or formula of allocation of the Net Settlement Fund to be approved by the Court, which plan or formula will govern the distribution of the Net Settlement Fund to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Final Order and Judgment or any other orders entered by the Court pursuant to this Stipulation.

1.22  "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, direct or indirect parents, direct or indirect subsidiaries, divisions, joint ventures, agents, assigns, spouses, heirs, executors, estates, administrators, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant or his or

1  her family.

2      1.23  "Released Claims" means any and all claims, debts, demands, disputes,

3  rights, causes of action, suits, matters, damages, or liabilities of any kind, nature, and

4  character whatsoever (including, but not limited to, any claims for damages, interest,

5  attorneys' fees, expert or consulting fees, and any and all other costs, expenses or

6  liabilities whatsoever), whether under federal, state, local, statutory, common law, foreign

7  law, or any other law, rule or regulation, whether fixed or contingent, accrued or

8  unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured,

9  including Unknown Claims (as defined herein), whether or not concealed or hidden that

10  have been or could have been or in the future could be asserted in any forum, whether

11  foreign or domestic, by Lead Plaintiff or any member of the Settlement Class, or any

12  Person claiming through or on behalf of them, against any of the Released Parties that

13  concern, arise out of, are based on or relate in any way, directly or indirectly to both (1)

14  any of the allegations, acts, transactions, facts, events, representations, or omissions

15  involved or alleged in the Litigation, or which could have been alleged in the Litigation,

16  based upon the facts alleged in the Complaint or any of the individual complaints filed in

17  the Action; and (2) purchase or acquisition of Insys common stock during the Settlement

18  Class Period. Released Claims do not include claims to enforce the Settlement. For the

19  avoidance of doubt, Released Claims does not include any claim that has been brought or

20  could be brought, derivatively or otherwise, by or on behalf of the Company, against any

21  of the Released Defendants' Parties.

22      1.24  "Released Defendants' Claims" means any and all actions, suits, claims,

23  debts, demands, rights, causes of action, proofs of claim or liabilities of every nature and

24  description whatsoever (including, but not limited to, claims for damages, interest,

25  attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability

26  whatsoever), whether based in law or equity, whether fixed or contingent, accrued or

27  unaccrued, liquidated or unliquidated, matured or not matured, pursuant to federal, state,

28  local, statutory or common law, or any other law, rule or regulation, whether foreign or

7

308163.1 INSYS

1    domestic, including both known claims and Unknown Claims (as defined herein), whether

2    or not concealed or hidden, that have been or could have been or could in the future be

3    asserted in any forum, whether foreign or domestic, by any of the Defendants, or their

4    successors, assigns, executors, administrators, representatives, attorneys, agents, affiliates,

5    and partners, and any Persons they represent or any of them, whether brought directly or

6    indirectly against the Lead Plaintiff, Settlement Class Members, their attorneys, or against

7    any of the Released Plaintiffs' Parties, which arise out of or relate in any way to the

8    institution, prosecution, or Settlement of the Action, except for claims to enforce the

9    Settlement.

10       1.25    "Released Parties" means each and all of the Plaintiffs, Defendants and each

11   of their respective immediate family members, heirs, executors, administrators,

12   successors, and assigns; Plaintiffs' and Defendants' present, former and future employees,

13   insurers, officers, directors, partners, attorneys, legal representatives, receivers and agents;

14   any person or entity which is or was related to or affiliated with any Defendant or

15   Plaintiff, or in which any Defendant or Plaintiff has or had a controlling interest; and the

16   present, former and future direct or indirect parents, direct or indirect subsidiaries,

17   divisions, affiliates, predecessors, successors, employees, officers, directors, partners,

18   attorneys, assigns, and agents of all of the foregoing.  For ease of reference herein, the

19   Stipulation sometimes refers to each set of the enumerated persons and entities as

20   "Released Plaintiffs' Parties" and "Released Defendants' Parties."

21       1.26    "Settlement Amount" means Six Million One Hundred Twenty-Five

22   Thousand Dollars ($6,125,000) in cash to be paid by check to the Insys Therapeutics

23   Securities Settlement Fund the separate, interest-bearing escrow account maintained by

24   the Escrow Agent on behalf of Lead Plaintiff and the Settlement Class (the "Escrow

25   Account") – pursuant to ¶2.1 of this Stipulation.

26       1.27    "Settlement Class," "Class Member," or "Settlement Class Member" means,

27   for purposes of this settlement only, all Persons who, during the Settlement Class Period,

28   purchased or otherwise acquired publicly traded shares of Insys common stock. Excluded

STIPULATION OF SETTLEMENT
CASE NO. CV-14-01043-PHX-GMS

308163.1 INSYS

from this definition are (a) all Defendants and any parent or subsidiary, present or former director, officer, or subsidiary of Insys; any entity in which any excluded person has a controlling interest; their legal representatives, heirs, successors and assigns; any immediate family member of a Settling Individual Defendant; their immediate families; and (b) any putative members of the Settlement Class who validly and timely request exclusion from the Settlement Class pursuant to the terms of this Stipulation and its related Exhibits and Rule 23 of the Federal Rules of Civil Procedure.

1.28   "Settlement Class Period" or "Class Period" means the period from November 12, 2013 through May 14, 2014, both dates inclusive.

1.29   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.30   "Settling Parties" means, collectively, Defendants and Lead Plaintiff on behalf of itself and the Settlement Class.

1.31   "Unknown Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description which Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at or after the time he, she or it enters into this Stipulation, or at or after the release of the Released Claims or Released Defendants' Claims (pursuant to the terms of this Stipulation) which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Parties, or might have affected his, her, or its decisions with respect to this Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived and relinquished, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not**

**know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiff and/or Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff upon the Effective Date shall expressly, fully, finally, and forever settle and release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver and inclusion of Unknown Claims in the definition of Released Claims and Released Defendants' Claims were separately bargained for and are key elements of the Settlement of which this release is a part.

## 2.     The Settlement

### a.     The Settlement Fund

2.1     Defendants' insurance carriers shall pay or cause to be paid, on behalf of Defendants, the principal amount of $6,125,000 in cash to the Escrow Account, and shall

10

do so no later than fifteen (15) days after both of the following shall have taken place: (a) preliminary approval of this Settlement by the Court and (b) the receipt by Defendants' counsel of payment instructions and a Form W-9 providing the tax identification number for the Escrow Account.

**b.    The Escrow Agent**

2.2    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in short term United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund and Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.3    The Escrow Agent shall not disburse the Gross Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6    Without further approval from Defendants or the Court, the Settlement Fund may be used by Lead Counsel or the Claims Administrator to pay reasonable costs and expenses actually incurred consistent with this Stipulation in connection with providing

11

308163.1 INSYS

notice to the Settlement Class, as well as customary administration costs such as locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any, and all Taxes and Tax Expenses (as defined herein in ¶2.7(c)).

### c.    Taxes

2.7    **(a)**    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)    All (a) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the

12

Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)); neither the Defendants nor their Related Parties are responsible nor shall they have any liability for any Taxes or Tax Expenses. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

### d.      Termination of Settlement

2.8     In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses paid, incurred or due and owing consistent with this Stipulation, including those incurred providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, escrow fees and costs if any and all Taxes

and Tax Expenses, provided for herein, shall be refunded pursuant to written instructions from counsel to the Defendants (in accordance with ¶7.4 herein).

### 3. Preliminary Approval Order and Settlement Hearing

3.1     Shortly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and Lead Plaintiff shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement as set forth in the Stipulation, and approval of forms of notice to be mailed (the "Notice of Proposed Settlement of Class Action" or the "Mailed Notice") and to be published (the "Summary Notice"), substantially in the forms of Exhibits A-1 and A-2 attached hereto. The Mailed Notice shall include a proof of claim, substantially in the form of Exhibit A-3 attached hereto (the "Proof of Claim and Release"), the general terms of the Settlement set forth in the Stipulation, and shall set forth the procedure by which Persons who otherwise would be members of the Settlement Class may request to be excluded from the Settlement Class. Insys shall assist Lead Counsel and/or the Settlement Administrator in obtaining, from Insys's transfer agent, records of ownership as necessary to process and administer the Mailed Notice. The cost, if any, associated with compiling and/or delivering these records from the transfer agent to Lead Counsel or the Settlement Administrator shall be payable to the transfer agent from the Settlement Fund.

3.2     The Parties shall request that after notice is given pursuant to the Preliminary Approval Order, the Court hold a hearing (the "Settlement Hearing") and finally approve the Settlement of the Litigation as set forth herein. At the Settlement Hearing, the Parties shall jointly request entry of the Final Order and Judgment, substantially in the form attached hereto as Exhibits B. The Final Order shall include a bar order pursuant to 15 U.S.C. § 78u-4(f)(7)(A). At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the Plan of Allocation and the Fee and Expense Application.

14

3.3   The Parties hereby stipulate to certification of the Settlement Class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for purposes of this Stipulation and the Settlement set forth herein. If this Stipulation is not approved by the Court, however, then (a) Defendants shall retain all rights to (i) object and oppose class certification, and (ii) challenge the standing of Lead Plaintiff or any other intervening plaintiff; and (b) this Stipulation and any motion or other papers filed in support of its approval shall not be offered as evidence of any agreement, admission, or concession that any class should be or remain certified in the Litigation or that Lead Plaintiff or any other intervening plaintiff has standing or any legal right to represent any class.

**4.   Releases**

4.1   Upon the Effective Date, the Lead Plaintiff and each and every Settlement Class Member and any Person claiming through or on behalf of them shall be deemed to have, and by operation of the Final Order and Judgment shall have, to the fullest extent permitted by law, fully, finally, and forever waived, released, relinquished, settled, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form, and whether or not such Settlement Class Member shares in the Settlement Fund.

4.2   Upon the Effective Date, each and every Settlement Class Member and any Person claiming through or on behalf of any of them, will be permanently and forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting the Released Claims against any of the Released Parties, and whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form, and whether or not such Settlement Class Member shares in the Settlement Fund.

4.3   Upon the Effective Date, each of the Released Defendants' Parties shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully,

finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, Lead Counsel, and Plaintiffs' counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

4.4     Upon the Effective Date, Defendants, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Lead Plaintiff, the members of the Settlement Class, their attorneys, and the Released Plaintiffs' Parties from the Released Defendants' Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Defendants' Claim against any of them directly, indirectly or in any other capacity.

**5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay Lead Plaintiff's counsel attorneys' fees and expenses (the "Fee and Expense Award"), and Lead Plaintiff's reasonable award or expenses if and to the extent allowed by the Court; and

(b)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing

16

the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

        (c)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

        (d)     to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or order of the Court.

5.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release form, substantially in the form of Exhibit A-3 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and are reasonably available to such Person.

5.5     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim and Release form within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Final Order and Judgment dismissing the Litigation with prejudice. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.

5.6     The Class Administrator shall calculate the Claims of Authorized Claimants, determine the extent to which claims shall be allowed, and oversee distribution of the Net Settlement Fund in accordance with the Plan of Allocation approved by the Court, subject to appeal to, and jurisdiction of, the Court.

5.7    Following the Effective Date, Defendants shall not have a reversionary interest in the Net Settlement Fund and the Claims Administrator shall send to each Authorized Claimant, his, her, or its *pro rata* share of the Net Settlement Fund. The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer feasible to distribute to Settlement Class Members. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization designated by Lead Counsel.

5.8    In addition to the releases contained in this Stipulation and its related Exhibits, the Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶ 5.1-5.10 hereof. The Settlement Class Members, the Lead Plaintiff, and Lead Plaintiff's counsel release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the investment or distribution of the Settlement Fund.

5.9    No Person shall have any claim against the Lead Plaintiff, Lead Plaintiff's counsel or the Claims Administrator, or any other Person designated by Lead Plaintiff's counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.10    It is understood and agreed by the Settling Parties that any proposed Plan of

18

308163.1 INSYS

Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Final Order and Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

## 6. Lead Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for: (a) an award of attorneys' fees representing up to 30% of the settlement fund; plus (b) reimbursement of actual costs and expenses, including, but not limited to, experts or consultant fees, incurred in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Gross Settlement Fund (until paid) as may be awarded by the Court; and (d) reimbursement of the expenses of Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4). Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

6.2    The attorneys' fees and expenses, including the fees and expenses of experts and consultants as awarded by the Court ("Fee Award"), shall be payable to Lead Counsel, from the Settlement Fund upon the entry of the Court's order awarding such fees and expenses.  The Fee Award shall be paid to Lead Counsel within ten (10) days after the entry of the Final Order and Judgment. Lead Counsel may thereafter allocate the attorneys' fees among other Plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3    In the event that the Effective Date does not occur, or the Final Order and Judgment or the order making the Fee and Expense Award is reversed or modified, or the

Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Plaintiff's counsel shall refund to the Settlement Fund all or any portion of the Fee Award as directed by the Final Order and Judgment, and the refund of all or any portion of the Fee Award shall be distributed by the Escrow Agent to the Settlement Class pursuant to the manner directed in the Final Order, within ten (10) business days from receiving notice from the Defendants' counsel or from the Court. Lead Plaintiff's counsel, as a condition of receiving such fees, expenses and/or costs on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction by the Court for the purpose of enforcing the provisions of this paragraph. The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel the Stipulation, or affect or delay the finality of the Final Order and Judgment approving the Stipulation and the Settlement of the Litigation and release of the Parties set forth therein.

6.4    Defendants and their Related Parties shall have no responsibility or liability for any payment of attorneys' fees and expenses to Plaintiffs' counsel except as set forth herein with respect to payment from the Settlement Fund.

6.5    Defendants and their Related Parties shall have no responsibility or liability for the allocation among any other counsel for Lead Plaintiff, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

308163.1 INSYS

7.1     The Effective Date of the Stipulation shall be the date when all of the following shall have occurred and is conditioned on the occurrence of all of the following events:

(a)     Defendants have timely made or caused to be made the contribution to the Settlement Fund, as required by ¶2.1 hereof;

(b)     the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(c)     The time within which Defendants may exercise their option to terminate the Stipulation pursuant to ¶7.3 hereof shall have expired without the exercise of that option;

(d)     the Court has entered the Judgment substantially in all material respects in the form of Exhibit B hereto, or an order and Final Judgment in a form that is not in all material respects identical to Exhibit B attached hereto (an "Alternative Judgment") and the Settling Parties do not elect to terminate the Settlement following the entry of such Alternative Judgment;

(e)     Counsel for all Persons listed on the signature pages of this Stipulation have executed this Stipulation; and

(f)     the Final Order and Judgment, or an Alternative Judgment, have become Final, as defined in ¶1.8 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of the Defendants, the Defendants' insurers, or any other Person claiming (now or in the future) to have acted through or on behalf of them, in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶7.1 are not met, then the Stipulation shall be canceled and terminated subject to ¶7.5 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3     Notwithstanding any other provision or paragraph of this Stipulation, Insys shall have the option, in its sole discretion, to terminate the Settlement in the event that

21

Settlement Class Members who purchased or acquired in the aggregate more than a certain number of shares of Insys common stock during the Settlement Class Period choose to exclude themselves from the Settlement Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Counsel and Defendants' counsel. The Supplemental Agreement will not be filed with the Court unless requested by the Court or unless a dispute among the Settling Parties concerning its interpretation or application arises and in that event, the Settling Parties will use their best reasonable efforts to file the Supplemental Agreement for the Court's *in camera* review and/or under seal.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within ten (10) business days after written notification of such event is sent by counsel for the Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund, less expenses which have either been disbursed pursuant to ¶¶2.6 and 2.7 hereof, or are determined to be chargeable to the Settlement Fund, shall be refunded pursuant to written instructions by Defendants' counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' counsel.

7.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms: (i) the Settling Parties shall be restored to their respective positions in the Litigation as of April 10, 2015. In such event, the terms and provisions of the Stipulation, with the exception of §§ II, IV(¶¶1.1-1.30, 2.6-2.8, 6.3- 6.4, 7.4-7.6, and 8.4) hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or

1    reversal on appeal of any order of the Court concerning the Plan of Allocation or the

2    amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to any

3    of Plaintiffs' counsel shall constitute grounds for cancellation or termination of the

4    Stipulation.

5        7.6    If the Effective Date does not occur, or if the Stipulation is terminated

6    pursuant to its terms, neither Lead Plaintiff nor any of its counsel shall have any

7    obligation to repay any amounts actually and properly disbursed pursuant to ¶¶2.6 or 2.7.

8    In addition, any expenses already incurred pursuant to ¶¶2.6 or 2.7 hereof at the time of

9    such termination or cancellation but which have not been paid, shall be paid by the

10   Escrow Agent in accordance with the terms of the Stipulation prior to the balance being

11   refunded in accordance with ¶¶2.8 and 7.4 hereof.

12       **8.    Miscellaneous Provisions**

13       8.1    The Settling Parties (a) acknowledge that it is their intent to consummate

14   this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate

15   and implement all terms and conditions of the Stipulation and to exercise their best efforts

16   to accomplish the foregoing terms and conditions of the Stipulation.

17       8.2    Insys warrants and represents as to itself only, that it is not "insolvent"

18   within the meaning of 11 U.S.C. § 101(32) as of the time the Stipulation is executed and

19   as of the time the payments are actually transferred or made as reflected in the Stipulation.

20   In the event of a final order of a court of competent jurisdiction, not subject to any further

21   proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or

22   on behalf of Insys to be a preference, voidable transfer, fraudulent transfer or similar

23   transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law

24   and any portion thereof is required to be refunded and such amount is not promptly

25   deposited in the Settlement Fund by or on behalf of Insys, then, at the election of Lead

26   Counsel, the Settlement may be terminated and the releases given and the Final Order and

27   Judgment entered in favor of Insys pursuant to the Settlement shall be null and void. In

28   such instance, the releases given and the Final Order and Judgment entered in favor of

**STIPULATION OF SETTLEMENT**
**CASE NO. CV-14-01043-PHX-GMS**

other Defendants shall remain in full force and effect. Alternatively, Lead Counsel may elect to terminate the entire Settlement as to all Defendants and all of the releases given and the Judgment entered in favor of the Defendants pursuant to the Settlement shall be null and void and Lead Plaintiff may proceed as if the Settlement were never entered into.

8.3     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement includes claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Final Order and Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.

8.4     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Litigation, or of any wrongdoing or liability of any of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that Lead Plaintiff and the Settlement Class Members would have received less than the Settlement Amount had the Action been prosecuted to conclusion.   Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that any of the Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or

counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.5     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation pursuant to their own terms.

8.6     All of the Exhibits attached to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8     The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

8.9     Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

8.10    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.11    The Stipulation may be executed in one or more original, photocopied or facsimile counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties hereto shall exchange among

themselves original signed counterparts and a complete set of executed counterparts shall be filed with the Court.

8.12   The Stipulation shall be binding upon, and inure to the benefit of, the successors, executors, administrators, affiliates (including parent companies), heirs and legal representatives of the Parties hereto.  No assignment shall relieve any Party hereto of obligations hereunder.

8.13   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.14   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys.

1

2

Dated:  May 28, 2015                        GLANCY PRONGAY & MURRAY LLP

3                                           *s/ Lionel Z. Glancy*
                                            Lionel Z. Glancy
                                            Robert V. Prongay
4                                           Robin B. Howald
                                            Leanne H. Solish
5                                           Elaine Chang
                                            1925 Century Park E, Suite 2100
6                                           Los Angeles, CA 90067

7                                           Richard G. Himelrick (004738)
                                            J. James Christian (023614)
8                                           TIFFANY & BOSCO, P.A.
9                                           Seventh Floor Camelback Esplanade II
                                            2525 East Camelback Road
10                                          Phoenix, AZ 85016

11
                                            Attorneys for Lead Plaintiff
12

13

14   Dated:  May 28, 2015                   COOLEY LLP

15                                          *s/ Koji F. Fukumura*
                                            Koji F. Fukumura
16                                          Peter M. Adams
                                            Blake Zollar
17                                          4401 Eastgate Mall
                                            San Diego, CA 92121

18                                          SNELL & WILMER L.L.P.
19                                          Don Bivens
                                            Nicole E. Sornsin
20                                          One Arizona Center
                                            400 E. Van Buren
21                                          Phoenix, AZ  85004-2202

22                                          Attorneys for Defendants

23

24

25

26

27

28

STIPULATION OF SETTLEMENT
CASE NO. CV-14-01043-PHX-GMS

308163.1 INSYS

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*s/ Lionel Z. Glancy*
Lionel Z. Glancy

307958.1 INSYS

# Mailing Information for a Case 2:14-cv-01043-GMS Larson v. Insys Therapeutics Incorporated et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter M Adams**
  padams@cooley.com,maraujo@cooley.com

- **Donald Wayne Bivens**
  dbivens@swlaw.com,sstanley@swlaw.com,docket@swlaw.com

- **Elaine Chang**
  echang@glancylaw.com,info@glancylaw.com

- **Jeremy James Christian**
  jjc@tblaw.com,sab@tblaw.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com,mzehel@pomlaw.com

- **Koji F Fukumura**
  kfukumura@cooley.com,cdeatrick@cooley.com,chourani@cooley.com

- **Lionel Zevi Glancy**
  info@glancylaw.com,lglancy@glancylaw.com

- **Michael M Goldberg**
  mgoldberg@glancylaw.com

- **Richard Glenn Himelrick**
  rgh@tblaw.com,sab@tblaw.com

- **Robin Bronzaft Howald**
  rhowald@glancylaw.com,treiss@glancylaw.com,hobbit99@aol.com

- **Jennifer Lynn Kroll**
  jkroll@martinbonnett.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com

- **Susan Joan Martin**
  smartin@martinbonnett.com,tmahabir@martinbonnett.com,mblawfirm@aol.com

- **Francis P McConville**
  fmcconville@pomlaw.com,abarbosa@pomlaw.com

- **Robert V Prongay**
  rprongay@glancylaw.com,info@glancylaw.com

- **Leanne Heine Solish**
  lheine@glancylaw.com

- **Nicole Elizabeth Sornsin**
  nsornsin@swlaw.com,jthomes@swlaw.com,docket@swlaw.com

- **Kara M Wolke**
  kwolke@glancylaw.com

- **Blake Zollar**
  bzollar@cooley.com,bdanziger@cooley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)