# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Derick Larson,<br><br>       Plaintiff,<br><br>       v.<br><br>Insys Therapeutics Incorporated, et al.,<br><br>       Defendants. | Lead Case No. CV-14-01043-PHX-GMS<br>Consolidated with:<br>No. CV-14-01077-PHX-GMS<br><br><br>**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING** |
| Hongwei Li,<br><br>       Lead Plaintiff,<br><br>       v.<br><br>Insys Therapeutics Incorporated, et al.,<br><br>       Defendants. | Action Filed: May 15, 2014 |

**IF YOU PURCHASED PUBLICLY TRADED SHARES OF INSYS THERAPEUTICS, INC. COMMON STOCK BETWEEN NOVEMBER 12, 2013 AND MAY 14, 2014, INCLUSIVE, AND INCURRED DAMAGES, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*
Your legal rights are affected whether you act, or don't act.  Read this Notice carefully.

**SUMMARY OF KEY PROVISIONS AND REASONS FOR SETTLEMENT**

**Security and Time Period:**  Insys Therapeutics, Inc. ("Insys" or the "Company") common stock (stock symbol: INSY) purchased or otherwise acquired between November 12, 2013, and May 14, 2014, inclusive (the "Settlement Class Period").

**Settlement Fund:**  $6,125,000.00 (six million, one-hundred twenty-five thousand) in cash.  Your recovery will depend on the number of shares of Insys common stock you, and other Settlement Class Members who file claims, purchased and sold and the prices at which you, and the other Settlement Class Members who file claims, purchased and sold those shares.  The estimated average recovery per share of common stock will be approximately $0.79 per share before deduction of Court-approved fees and expenses and costs of notice and claims administration.

**Reasons for Settlement:** The case has been litigated since May 2014.  The Lead Plaintiff and Lead Counsel believe that the Settlement provides the Settlement Class with a substantial benefit now, in lieu of engaging in years of further litigation – including summary judgment motions, a contested trial and likely appeals – with the possibility of no recovery at all.  By settling the Litigation at this point, Lead Plaintiff is not admitting that the Litigation lacked merit or that the Settlement Class's ultimate recovery would not have been greater than the Settlement consideration.
The Plaintiffs allege that Insys's stock price was artificially inflated as a result of a series of untrue or materially misleading statements in and omissions from the Company's public statements concerning the sales and marketing of SUBSYS, an extremely potent and potentially lethal drug which is heavily regulated by the FDA.  Plaintiffs further

contend that while the Company told investors that it had achieved its success through the hard work of its motivated sales force and through SUBSYS's ability to provide immediate relief to cancer patients already heavily medicated by opiates, the Company engaged in various improper practices, including encouraging doctors to disregard FDA-mandated dosing restrictions through off-label sales to non-cancer patients and misrepresenting confidential patient information to obtain insurance coverage for patients.  Defendants allegedly made these statements knowing them to be materially false or misleading, or recklessly disregarding their materially false or misleading nature, and that investors suffered injury as a result of the alleged inflation.

The Defendants have denied and continue to deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Complaint.  Specifically, Defendants have denied and continue to deny, *inter alia*, that Plaintiffs have suffered any damages, that Defendants or any of them made or caused to be made any alleged material misrepresentation or omission, and that any Defendant acted with scienter in making or causing any alleged material misrepresentation or omission.

Nonetheless, Defendants have concluded that further involvement in the Litigation could be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation of Settlement ("Stipulation") in order to limit further expense, inconvenience and distraction, to dispose of the burden of protracted litigation, and to permit the operation of the Company's business without the Litigation causing further distraction and diversion of the Company's executive personnel.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation.  Defendants have, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.  The Defendants entered into the Stipulation and the Settlement without in any way admitting to or acknowledging any fault, liability, or wrongdoing of any kind.  There has been no adverse determination by any court against any of the Defendants on the merits of the claims asserted by the Plaintiffs.

Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Defendants of the merit or truth of any of the allegations or wrongdoing of any kind on the part of any of the Defendants.  Neither the Stipulation nor any of the terms or provisions, nor any of the negotiations or proceedings connected therewith, shall be offered as evidence in the Litigation or in any pending or future civil, criminal, or administrative action or other proceeding to establish any liability or admission by any of the Defendants or any other matter adverse to any of the Defendants or any of their respective related entities, except as expressly set forth herein.

**If the Case Had Not Settled:**  The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals.  A trial is a risky proposition.  The claims in the Litigation involve numerous complex legal and factual issues, many of which would require expert testimony.  The settling Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to have prevailed on each claim alleged.  Among the many issues about which Plaintiffs and the Defendants do not agree are: (1) whether the Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether the misrepresentations and omissions alleged by the Lead Plaintiff were material, false, misleading or otherwise actionable under the securities laws; (3) the extent (if any) that the alleged misrepresentations and omissions influenced the trading prices of Insys common stock during the relevant period; and (4) the method for determining whether, and the extent to which, purchasers of Insys stock suffered injury and damages that could be recovered at trial.

**Attorneys' Fees and Expenses:**  Lead Counsel has not received any payment for their work or expenses incurred in investigating the facts, prosecuting this Litigation, and negotiating the Settlement on behalf of the Lead Plaintiff and the Settlement Class.  Lead Counsel will ask the Court for attorneys' fees not to exceed 30% of the Settlement Fund and expenses not to exceed $75,000 to be paid from the Settlement Fund. The Lead Plaintiff will also request reimbursement (of an amount not to exceed $2,500) of his actual costs and expenses (including lost wages) directly related to his representation of the Settlement Class.

If the above amounts are requested and approved by the Court, the average cost per share of common stock will be approximately $0.25 per share, making the estimated recovery per share after fees and expenses approximately $0.54.

**Dismissal and Releases:** If the proposed Settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment"). The Judgment will dismiss the Released Claims and the Released Defendants' Claims with prejudice as to the Released Parties, which include the Defendants, Plaintiffs, and their respective related parties (including, but not limited to, their parents, subsidiaries and affiliates, and all of their employees, directors and officers). The Judgment will provide that all Settlement Class Members shall be deemed to have released and forever discharged all Released Claims (to the extent Members of the Settlement Class have such claims) against all Released Parties. The terms of the releases, including the meaning of the term "Released Claims," are set forth in the Proof of Claim and Release form that is enclosed. In exchange for payment of the Settlement Amount and the receipt of releases from Lead Plaintiff and the Settlement Class, the Settlement also provides for releases by the Settling Defendants of Lead Plaintiff and Settlement Class members and their Released Persons ("Released Defendants' Claims").

**Important Deadlines**

| | |
|---|---|
| Submit Claim: | October 28, 2015 |
| File Objection: | November 13, 2015 |
| Request Exclusion | November 13, 2015 |
| **Court Hearing on Fairness of Settlement:** | December 4, 2015 |

**More Information:** www.InsysSecuritiesLitigation.com or contact:

| **Claims Administrator:** | **Lead Plaintiff's Counsel:** |
|---|---|
| Insys Therapeutics Securities Settlement | Lionel Z. Glancy, Esq. |
| c/o Angeion Group | Glancy Prongay & Murray LLP |
| 1801 Market Street, Suite 660 | 1925 Century Park East, Suite 2100 |
| Philadelphia, PA 19103 | Los Angeles, CA 90067 |
| Insys@AngeionGroup.com | Telephone: 1-888-773-9224 |
| | Email: settlements@glancylaw.com |

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **SUBMIT A CLAIM** | The only way to receive a payment. |
| **OBJECT** | You may write to the Court if you do not like this Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses, or the reimbursement to Lead Plaintiff for costs and expenses. |
| **EXCLUDE YOURSELF** | Receive no payment. This is the only option that allows you to participate in another lawsuit against the Defendants relating to the class claims being released in this case. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Receive no payment. |

- You may submit a claim or object, or do both, or do nothing.  However, if you timely exclude yourself, that is the only thing you can do: you may not object in writing, you may not appear at the Court Hearing on Fairness of Settlement to state any objections, and you may not submit a claim.

- If you object and do not request exclusion, you will remain a member of the Settlement Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Settlement Class Members who do not object.

- Unless you timely request exclusion from the Settlement Class, or unless the Court rejects the proposed Settlement, you are bound by the Stipulation of Settlement and its Release, whether or not you submit a claim or object.

- These rights and options are explained in this Notice.  ***Please take careful note of the deadlines to exercise them, set forth above.***

- The Court presiding over this case must decide whether to approve the Settlement.  Payments will be made only if the Court approves the Settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

- The Court has authorized this Notice, but no money will be paid to anyone until the Court holds the Settlement Hearing on December 4, 2015.  The Court has not decided the merits of this case.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION

1.      Why did I receive this notice package?
2.      What is this lawsuit about?
3.      Why is this a class action?
4.      Why is there a settlement?

WHO IS IN THE SETTLEMENT

5.      How do I know if I am part of the settlement?
6.      Where are the exceptions to being included?
7.      I'm still not sure if I'm included.

THE SETTLEMENT BENEFITS – WHAT YOU GET

8.      What does the settlement provide?
9.      How much will my payment be?

HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

10.     How can I obtain a payment?
11.     When will I receive my payment?
12.     What am I giving up to receive a payment?

EXCLUDING YOURSELF FROM THE CLASS ACTION SETTLEMENT

13.     How do I get out of the Settlement Class?
14.     If I do not exclude myself, can I sue the Defendants for the same thing later?
15.     If I exclude myself, can I receive money from the Class Action settlement?

THE LAWYERS REPRESENTING YOU

16.    Do I have a lawyer in the case?
17.    How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT

18.    How do I tell the Court that I do not like the Settlement?

THE COURT'S SETTLEMENT HEARING

19.    When and where will the Court decide whether to approve the Settlement?
20.    Do I have to come to the hearing?
21.    May I speak at the hearing?

IF YOU DO NOTHING

22.    What happens if I do nothing at all?

GETTING MORE INFORMATION

23.    Are there more details about the Settlement?

UNDERSTANDING YOUR PAYMENT

## BASIC INFORMATION

### 1.    Why Did I Receive This Notice Package?

You or someone in your household may have purchased or otherwise acquired Insys common stock between November 12, 2013, and May 14, 2014, inclusive, and incurred damages.

This Notice was sent because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments to those persons who timely submit claims in the manner described below.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Arizona, and the case is known as *Larson v. Insys Therapeutics Incorporated et al.*, Case No. 2:14-cv-01043-PHX-GMS.  Mr. Hongwei Li is called the Lead Plaintiff, and the company and persons he sued, including Insys and some of its officers and senior personnel, are collectively called the Defendants.  The Parties include Lead Plaintiff and the Defendants.

### 2.    What Is This Lawsuit About?

This Litigation alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5)) against Defendants.

Insys is a publicly traded Delaware corporation with its principal executive offices located in Chandler, Arizona.  Insys is a pharmaceutical company that develops and commercializes supportive care products.  During the Settlement Class Period, Insys common stock traded on The NASDAQ Global Market ("NASDAQ") under the ticker symbol "INSY."

The Plaintiffs allege that Insys's stock price was artificially inflated as a result of a series of untrue or materially misleading statements in and omissions from the Company's public statements concerning the sales and marketing of SUBSYS, an extremely potent and potentially lethal drug which is heavily regulated by the FDA.  Plaintiffs further contend that while the Company told investors that it had achieved its success through the hard work of its motivated

sales force and through SUBSYS's ability to provide immediate relief to cancer patients already heavily medicated by opiates, the Company engaged in various improper practices, including encouraging doctors to disregard FDA-mandated dosing restrictions through off-label sales to non-cancer patients and misrepresenting confidential patient information to obtain insurance coverage for patients.  Defendants allegedly made these statements knowing them to be materially false or misleading, or recklessly disregarding their materially false or misleading nature, and that investors suffered injury as a result of the alleged inflation.

### 3.      Why Is This A Class Action?

Class actions are generally used in lawsuits that affect a large number of individuals.  The class action operates to consolidate into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct, thus alleviating the need for members of the class to file their own individual lawsuits to recover for the harm alleged. Once the class is certified, the Court is empowered to resolve all issues on behalf of members of the class, except for those members of the class, if any, who specifically choose to exclude themselves from the Settlement Class.

As part of the preliminary approval process, Lead Plaintiff will ask the court to certify a Class for settlement purposes only.  The proposed class will consist of all persons or entities who, during the Settlement Class Period, purchased publicly traded shares of Insys common stock.  Excluded from the Settlement Class are: (a) Defendants; any parent or subsidiary, present or former director, officer, or subsidiary of Insys; any entity in which any excluded person has a controlling interest; their legal representatives, heirs, successors and assigns; any immediate family member of a Settling Individual Defendant; and (b) any potential members of the Settlement Class who timely and validly exclude themselves from the Settlement Class in accordance with the requirements set forth herein.  All Settlement Class Period purchasers of Insys common stock are members of the Settlement Class, except those persons who timely file a request for exclusion by November 13, 2015.  All persons who do not timely exclude themselves from the Settlement Class will be bound by the proposed Settlement and its accompanying Release.

### 4.      Why Is There a Settlement?

The Court did not decide in favor of the Lead Plaintiff or Defendants.  Instead, both sides agreed to a Settlement.  This permits them to avoid the cost, delay, and uncertainty of a trial, and permits eligible Settlement Class Members who submit valid claims to receive some compensation rather than risk ultimately receiving nothing.  The Lead Plaintiff and his attorneys believe the Settlement is in the best interest for all Settlement Class Members.  The Defendants have concluded that further defense of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation of Settlement.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Litigation.

### WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a possible Settlement Class Member.

### 5.      How Do I Know if I Am Part of the Settlement?

The potential Settlement Class includes all persons or entities who **purchased or otherwise acquired publicly traded shares of Insys common stock between November 12, 2013, and May 14, 2014, inclusive.**

**6.      What Are the Exceptions to Being Included?**

You are not a Settlement Class Member if you are a Defendant; any parent or subsidiary, present or former director, officer, or subsidiary of Insys; any entity in which any excluded person has a controlling interest; their legal representatives, heirs, successors and assigns; or any immediate family member of a Settling Individual Defendant.

**7.      I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call Leanne Solish, Esq. of Glancy Prongay & Murray LLP at 1-888-773-9224 for more information.  Or you can fill out and return the claim form described in question 10, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

**8.      What Does the Settlement Provide?**

The Settlement will result in a fund of $6.125 million in cash.  The balance of this fund, after payment of Court-approved attorneys' fees and expenses, and the costs of claims administration, including the costs of printing and mailing this Mailed Notice and the cost of publishing the Internet wire service notice, and any award granted to the Class Representative (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in valid claim forms.

**9.      How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Settlement Class Members send in, the number of shares of Insys common stock you purchased during the Settlement Class Period, and the timing of your purchases and sales.  You will not receive a payment, however, if your proportionate share of the Net Settlement Fund is less than $10.00.

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation.  After all Settlement Class Members have sent in their Proof of Claim and Release forms, the payment you receive will reflect your Recognized Claim in relation to the Recognized Claims of all persons submitting Claim Forms.  The Recognized Claim is not the amount of the payment that you can expect, but is used to determine how the Net Settlement Fund is to be allocated among all persons submitting claims.

**HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM**

**10.     How Will I Obtain a Payment?**

To qualify for payment, you must be an eligible Settlement Class Member, send in a valid Proof of Claim and Release form, and properly document your claim as requested in the Claim Form.  A Proof of Claim and Release form is enclosed with this Mailed Notice.  You may also get a Proof of Claim and Release form on the internet at www.InsysSecuritiesLitigation.com.  Read the instructions carefully, fill out the Proof of Claim and Release form, include the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than October 28, 2015.

**11.     When Will I Receive My Payment?**

The Court will hold a hearing on December 4, 2015, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether or when these appeals will be resolved, and resolving them can take time, perhaps more than a year.  Even if no appeals are filed, it will take several months for the Claims Administrator to process all of the Proof of Claim and Release forms and determine the ultimate distribution amounts.

**12.      What Am I Giving Up to Receive a Payment?**

As a Settlement Class Member, you will be giving up certain rights that you currently have if the Court approves the Settlement.  Unless you timely exclude yourself from the Class by the November 13, 2015 deadline, you are a Settlement Class Member and will be bound by the Release of claims against the Defendants.  That means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in this case against the Defendants.  The terms of the Release are included in the claim form that is enclosed.

## EXCLUDING YOURSELF FROM THE CLASS ACTION SETTLEMENT

If you do not want a payment from the class action Settlement, but you want to keep the right to sue or continue to sue the Defendants on your own for the Released Claims in the class action, then you must take steps to get out of the Settlement Class.  This is called excluding yourself, or is sometimes referred to as "opting out" of the Settlement Class.

**13.      How Do I Get Out of the Settlement Class?**

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *Larson v. Insys Therapeutics Incorporated et al.*, Case No. 2:14-cv-01043-PHX-GMS.  You must include your name, address, telephone number, your signature, and the number of shares of Insys common stock you purchased or acquired between November 12, 2013, and May 14, 2014, inclusive, the number of shares of common stock sold during this time period, if any, the dates of such purchases and/or sales, and the price paid or received per share for each purchase or sale.  You must mail your exclusion request postmarked no later than November 13, 2015 to:

> Insys Therapeutics Securities Settlement
> c/o Angeion Group
> 1801 Market Street, Suite 660
> Philadelphia, PA 19103

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the class action Settlement.  You will not be legally bound by anything that happens in the class action lawsuit.

**14.      If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you exclude yourself from the Settlement Class, you give up any right to sue the Defendants or the Released Parties for the Released Claims in the class action Settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is November 13, 2015.

**15.      If I Exclude Myself, Can I Receive Money from the Class Action Settlement?**

No.  If you exclude yourself, do not send in a Claim Form.

## THE LAWYERS REPRESENTING YOU

**16.     Do I Have a Lawyer in This Case?**

The Court appointed the law firm of Glancy Prongay & Murray LLP to represent you and other Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be personally liable for the fees and expenses incurred by these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.     How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees of up to 30% of the Settlement Fund and for expenses up to $75,000, which were advanced in connection with the Litigation.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  Since the case began in 2014, Lead Counsel have conducted all of the investigation, briefing, and motions practice necessary to prepare the case for trial, and retained damages consultants regarding the calculation of damages.  To date, Lead Counsel have not been paid for their services or out-of-pocket expenses in conducting this Litigation on behalf of the Lead Plaintiff and the Class.  Lead Counsel have expended to date more than 2,900 hours of attorney time in prosecuting the Class's claims.  The fee requested will compensate Lead Counsel for their efforts in achieving the Settlement Fund.

Lead Counsel shall file a formal motion with the District Court for approval of the Settlement, the Plan of Allocation, and the request for attorneys' fees and reimbursement of expenses not later than November 4, 2015.  That motion will argue that Lead Counsel's requested fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court determines what counsel should receive from the Settlement Fund for fees and expenses, and may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**18.     How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees.  You can state the reasons why you think the Court should not approve it, and the Court will consider your views.  To object, you must send a letter saying that you object to the Settlement in *Larson v. Insys Therapeutics Incorporated et al.*, Case No. 2:14-cv-01043-PHX-GMS.  Be sure to include your name, address, telephone number, your signature, the number of shares of Insys common stock purchased between November 12, 2013, and May 14, 2014, inclusive, and the reasons you object.  The motions in support of the Settlement and the request for attorneys' fees will be filed no later November 4, 2015, and they will be available from Lead Counsel, the Claims Administrator or the Court.  (The Claims Administrator's contact information is listed in Section 23, below.)  Any objection must be mailed or delivered such that it is received by *each* of the following no later than November 13, 2015:

| *Court*: | *Lead Counsel Designee:* | *Defendants' Counsel Designee*: |
|---|---|---|
| Clerk of the Court | Lionel Z. Glancy | Koji F. Fukumura |
| United States District Court | Glancy Prongay & Murray LLP | Cooley LLP |
| District of Arizona | 1925 Century Park East Suite 2100 | 4401 Eastgate Mall |
| 401 West Washington Street, | Los Angeles, CA 90067 | San Diego, CA 92121 |
| Phoenix, AZ 85003 | | |

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to.

### 19.    When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Settlement Hearing at 9:00 a.m., on December 4, 2015, at the courthouse for the United States District Court, District of Arizona, 401 West Washington Street, Phoenix, Arizona 85003.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will also consider how much money from the Settlement Fund will be allocated to pay Lead Counsel for their work on the Litigation and to reimburse their expenses, and whether the Plan of Allocation is fair, reasonable and adequate.  The Court may decide these issues at the hearing or take them under consideration for a later decision.

### 20.    Do I Have to Come to the Hearing?

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

### 21.    May I Speak at the Hearing?

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *Larson v. Insys Therapeutics Incorporated et al.*, Case No. 2:14-cv-01043-PHX-GMS.  Be sure to include your name, address, telephone number, your signature, the number of shares of Insys common stock purchased between November 12, 2013, and May 14, 2014, inclusive.  Your notice of intention to appear must be received no later than November 13, 2015, by the Clerk of the Court, Lead Counsel Designee and Defendants' Counsel Designee, at the three addresses listed in question 18.

## IF YOU DO NOTHING

### 22.    What Happens if I Do Nothing at All?

If you do nothing, all of your claims against the Defendants will be released, but you will not receive any money from this Settlement because it is necessary to submit a Proof of Claim and Release form to share in the Settlement proceeds.

## GETTING MORE INFORMATION

### 23.    Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement.  More details are in the Stipulation of Settlement dated as of May 28, 2015.  You can obtain a copy of the Stipulation of Settlement or more information about the Settlement by visiting www.InsysSecuritiesLitigation.com, contacting the Claims Administrator, or contacting Lead Counsel at:

| | |
|---|---|
| **Claims Administrator:** | **Lead Counsel:** |
| Insys Therapeutics Securities Settlement | Lionel Z. Glancy |
| c/o Angeion Group | Glancy Prongay & Murray LLP |
| 1801 Market Street, Suite 660 | 1925 Century Park East, Suite 2100 |
| Philadelphia, Pennsylvania 19103 | Los Angeles, California 90067 |
| Insys@AngeionGroup.com | Telephone: 1-888-773-9224 |
| | Email: settlements@glancylaw.com |

You can also obtain a copy from the Clerk's office during regular business hours at Clerk's Office at the United States District Court District of Arizona, 401 West Washington Street, Phoenix, Arizona 85003 during normal business hours.

## UNDERSTANDING YOUR PAYMENT

The Net Settlement Fund shall be distributed to Settlement Class Members who submit acceptable proofs of claim ("Authorized Claimants") in the following manner:

The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. The Recognized Loss formula is intended to equitably apportion the Net Settlement Fund among Settlement Class Members. The Recognized Loss formula, which is also known as the Plan of Allocation, is not an estimate of what a Settlement Class Member would have recovered after trial; nor is it the amount that the Authorized Claimant will be paid pursuant to the Settlement.

As within the groups of Authorized Claimants described in paragraphs 1-3 and Tables A-B below, a Settlement Class Member's actual share of the Net Settlement Fund will be determined by the ratio of the Settlement Class Member's Recognized Loss divided by the aggregate of the Recognized Loss of all Settlement Class Members within the Claimant's group.

This Plan of Allocation is based on the following principles applicable to Settlement Class Members if the Litigation gone to trial:  Lead Plaintiff asserted claims pursuant to Section 10(b) of the Securities Exchange Act of 1934 ("Section 10(b)").  Damages under Section 10(b) are calculated, among other things, by determining the stock price drop caused by the disclosure of information correcting prior materially false and misleading statements or reflecting materializations of risks which were a foreseeable consequence of the alleged concealment.  Lead Plaintiff contended in the Litigation, among other things, that the first corrective disclosure or materialization of the risk of materially false and misleading statements complained of occurred on December 12, 2013.

## INSYS THERAPEUTICS, INC. COMMON STOCK

For shares of Insys common stock purchased or otherwise acquired between November 12, 2013 and May 13, 2014:

1.　For shares held at the end of trading on August 11, 2014, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(a)　the applicable purchase date artificial inflation per share figure, as found in Table A; or

(b)　the difference between the purchase price per share and $27.27.[1]

---

[1] Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." 15 U.S.C. § 78u-4(e)(1).  The mean (average) closing price of Insys common stock during the 90-day period beginning on May 14, 2014 and ending on August 11, 2014 was $27.27 per share.

2.     For shares sold between November 12, 2013 and May 13, 2014, the Recognized Loss shall be that number of shares multiplied by the lesser of:

    (a)     the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or

    (b)     the difference between the purchase price per share and the sales price per share.

3.     For shares sold between May 14, 2014 and August 11, 2014, the Recognized Loss shall be the lesser of:

    (a)     the applicable purchase date artificial inflation per share figure, as found in Table A; or

    (b)     the difference between the purchase price per share and the sales price per share; or

    (c)     the difference between the purchase price per share and the average closing price between May 14, 2014 and the date of sale, as found in Table B.[2]

### Table A

| Purchase or Sale Date Range | Artificial Inflation Per Share |
|---|---|
| 11/13/2013 – 12//12/2013 | $20.67 |
| 12/13/2013 – 05/08/2014 | $15.97 |
| 05/09/2014 | $ 9.34 |
| 05/12/2014 – 05/13/2014 | $ 4.29 |

**(Please see next page for Table B)**

---

[2] Pursuant to the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security." 15 U.S.C. § 78u-4(e)(2).

Table B

| Date of Sale | Average Closing Price Between 05/14/2014 and Date of Sale | Date of Sale | Average Closing Price Between 05/14/2014 and Date of Sale |
|---|---|---|---|
| 5/14/2014 | $23.01 | 6/27/2014 | $26.80 |
| 5/15/2014 | $22.81 | 6/30/2014 | $26.93 |
| 5/16/2014 | $23.15 | 7/1/2014 | $27.09 |
| 5/19/2014 | $24.00 | 7/2/2014 | $27.21 |
| 5/20/2014 | $24.45 | 7/3/2014 | $27.32 |
| 5/21/2014 | $24.65 | 7/7/2014 | $27.40 |
| 5/22/2014 | $24.93 | 7/8/2014 | $27.42 |
| 5/23/2014 | $25.02 | 7/9/2014 | $27.42 |
| 5/27/2014 | $25.16 | 7/10/2014 | $27.39 |
| 5/28/2014 | $25.26 | 7/11/2014 | $27.34 |
| 5/29/2014 | $25.47 | 07/14/2014 | $27.30 |
| 5/30/2014 | $25.50 | 07/15/2014 | $27.25 |
| 6/2/2014 | $25.60 | 07/16/2014 | $27.18 |
| 6/3/2014 | $25.63 | 07/17/2014 | $27.14 |
| 6/4/2014 | $25.64 | 07/18/2014 | $27.11 |
| 6/5/2014 | $25.68 | 07/21/2014 | $27.10 |
| 6/6/2014 | $25.70 | 07/22/2014 | $27.07 |
| 6/9/2014 | $25.70 | 07/23/2014 | $27.08 |
| 6/10/2014 | $25.67 | 07/24/2014 | $27.09 |
| 6/11/2014 | $25.61 | 07/25/2014 | $27.13 |
| 6/12/2014 | $25.58 | 07/28/2014 | $27.17 |
| 6/13/2014 | $25.60 | 07/29/2014 | $27.22 |
| 6/16/2014 | $25.63 | 07/30/2014 | $27.27 |
| 6/17/2014 | $25.80 | 07/31/2014 | $27.27 |
| 6/18/2014 | $25.90 | 08/01/2014 | $27.25 |
| 6/19/2014 | $26.05 | 08/04/2014 | $27.22 |
| 6/20/2014 | $26.17 | 08/05/2014 | $27.21 |
| 6/23/2014 | $26.29 | 08/06/2014 | $27.20 |
| 6/24/2014 | $26.38 | 08/07/2014 | $27.20 |
| 6/25/2014 | $26.53 | 08/08/2014 | $27.22 |
| 6/26/2014 | $26.65 | 08/11/2014 | $27.27 |

*DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

## SPECIAL NOTICE TO NOMINEES

The Court has ordered that if you held any Insys common stock purchased or acquired between November 12, 2013, and May 14, 2014, inclusive, as nominee for a beneficial owner, then, within twenty (20) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Insys Therapeutics Securities Settlement*
c/o Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103
Insys@AngeionGroup.com

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for administrative costs actually incurred in connection with forwarding the Mailed Notice and which would not have been incurred but for the obligation to forward the Mailed Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED:        June 26, 2015

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

<table>
<tr><td>

**MUST BE
POSTMARKED
NO LATER THAN
OCTOBER 28, 2015**

</td><td>

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
*Larson v. Insys Therapeutics Incorporated et al.*
Lead Case No. CV-14-01043-PHX-GMS
Consolidated with: No. CV-14-01077-PHX-GMS

</td><td>

**INS**

</td></tr>
</table>

## INSTRUCTIONS FOR COMPLETING THE
## PROOF OF CLAIM AND RELEASE

### I.    GENERAL INSTRUCTIONS

1.    To be eligible to recover as a member of the Settlement Class based on your claims in the action entitled *Larson v. Insys Therapeutics Incorporated et al.*, Case No. 2:14-cv-01043-PHX-GMS (the "Action"), you must complete and, on page 7 hereof, sign this Proof of Claim and Release.  Even if you do not fill out this Proof of Claim and Release, if you do not timely exclude yourself from the Settlement Class, any and all claims you may have against the Defendants in this Action will be released to the full extent defined below.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of Settlement in the Action.

3.    YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE **OCTOBER 28, 2015**, ADDRESSED AS FOLLOWS:

> ***Insys Therapeutics Securities Settlement***
> c/o Angeion Group
> 1801 Market Street, Suite 660
> Philadelphia, PA 19103

4.    If you are NOT a member of the Settlement Class, as defined in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses and Settlement Fairness Hearing ("Mailed Notice"), DO NOT submit a Proof of Claim and Release form.

5.    If you are a member of the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the Release included in the Stipulation of Settlement ("Stipulation") WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

### II.    DEFINITIONS

1.    "Action" or "Litigation" means  the consolidated securities class action pending in this Court under the caption *Larson v. Insys Therapeutics Incorporated et al.*, Case No. 2:14-cv-01043-PHX-GMS, including, without limitation, all cases consolidated under that caption.

2.    "Authorized Claimant" means any member of the Settlement Class who submits a timely and valid Proof of Claim and Release form to the Settlement Administrator and whose proof of claim is not rejected.  Only those members of the Settlement Class filing valid and timely Proofs of Claim and Releases shall be entitled to receive any distributions from the Net Settlement Fund.

3.    "Lead Counsel" means the law firm of Glancy Prongay & Murray LLP.

4.    "Court" means the United States District Court for the District of Arizona.

5.    "Defendants" means Insys Therapeutics, Inc., Michael L. Babich, Darryl S. Baker, Dr. John N. Kapoor, and Dr. Larry M. Dillaha.

<table>
<tr><td>

**MUST BE
POSTMARKED
NO LATER THAN
OCTOBER 28, 2015**

</td><td>

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
*Larson v. Insys Therapeutics Incorporated et al.*
Lead Case No. CV-14-01043-PHX-GMS
Consolidated with: No. CV-14-01077-PHX-GMS

</td><td>

**INS**

</td></tr>
</table>

6.      "Insys" means Insys Therapeutics, Inc., a Delaware corporation.

7.      "Person(s)" means any individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal or political entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

8.      "Released Claims" means any and all claims, debts, demands, disputes, rights, causes of action, suits, matters, damages, or liabilities of any kind, nature, and character whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether under federal, state, local, statutory, common law, foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including Unknown Claims (as defined herein), whether or not concealed or hidden that have been or could have been or in the future could be asserted in any forum, whether foreign or domestic, by Lead Plaintiff or any member of the Settlement Class, or any Person claiming through or on behalf of them, against any of the Released Parties that concern, arise out of, are based on or relate in any way, directly or indirectly to both (1) any of the allegations, acts, transactions, facts, events, representations, or omissions involved or alleged in the Litigation, or which could have been alleged in the Litigation, based upon the facts alleged in the Complaint or any of the individual complaints filed in the Action; and (2) purchase or acquisition of Insys common stock during the Settlement Class Period. Released Claims do not include claims to enforce the Settlement. For the avoidance of doubt, Released Claims does not include any claim that has been brought or could be brought, derivatively or otherwise, by or on behalf of the Company, against any of the Released Defendants' Parties.

9.      "Released Defendants' Claims" means any and all actions, suits, claims, debts, demands, rights, causes of action, proofs of claim or liabilities of every nature and description whatsoever (including, but not limited to, claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based in law or equity, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or not matured, pursuant to federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, including both known claims and Unknown Claims (as defined herein), whether or not concealed or hidden, that have been or could have been or could in the future be asserted in any forum, whether foreign or domestic, by any of the Defendants, or their successors, assigns, executors, administrators, representatives, attorneys, agents, affiliates, and partners, and any Persons they represent or any of them, whether brought directly or indirectly against the Lead Plaintiff, Settlement Class Members, their attorneys, or against any of the Released Plaintiffs' Parties, which arise out of or relate in any way to the institution, prosecution, or Settlement of the Action, except for claims to enforce the Settlement.

10.      "Released Parties" means each and all of the Plaintiffs, Defendants and each of their respective immediate family members, heirs, executors, administrators, successors, and assigns; Plaintiffs' and Defendants' present, former and future employees, insurers, officers, directors, partners, attorneys, legal representatives, receivers and agents; any person or entity which is or was related to or affiliated with any Defendant or Plaintiff, or in which any Defendant or Plaintiff has or had a controlling interest; and the present, former and future direct or indirect parents, direct or indirect subsidiaries, divisions, affiliates, predecessors, successors, employees, officers, directors, partners, attorneys, assigns, and agents of all of the foregoing.  For ease of reference herein, the Stipulation sometimes refers to each set of the enumerated persons and entities as "Released Plaintiffs' Parties" and "Released Defendants' Parties."

<table>
<tr><td>

**MUST BE
POSTMARKED
NO LATER THAN
OCTOBER 28, 2015**

</td><td>

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
*Larson v. Insys Therapeutics Incorporated et al.*
Lead Case No. CV-14-01043-PHX-GMS
Consolidated with: No. CV-14-01077-PHX-GMS

</td><td>

**INS**

</td></tr>
</table>

11.    "Settlement Class" or "Settlement Class Member" means, for purposes of this settlement only, all Persons who, during the Settlement Class Period, purchased or otherwise acquired publicly traded shares of Insys common stock. Excluded from this definition are (a) all Defendants and any parent or subsidiary, present or former director, officer, or subsidiary of Insys; any entity in which any excluded person has a controlling interest; their legal representatives, heirs, successors and assigns; any immediate family member of a Settling Individual Defendant; their immediate families; and (b) any putative members of the Settlement Class who validly and timely request exclusion from the Class pursuant to the terms of the Stipulation and its related Exhibits and Rule 23 of the Federal Rules of Civil Procedure.

12.    "Settlement Class Period" means the period of time from November 12, 2013 through May 14, 2014, both dates inclusive.

13.    "Unknown Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description which Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at or after the time he, she or it enters into the Stipulation, or at or after the release of the Released Claims or Released Defendants' Claims (pursuant to the terms of the Stipulation) which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Parties, or might have affected his, her, or its decisions with respect to this Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived and relinquished, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiff and/or Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff upon the Effective Date shall expressly, fully, finally, and forever settle and release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver and inclusion of Unknown Claims in the definition of Released Claims and Released Defendants' Claims were separately bargained for and are key elements of the Settlement of which this release is a part.

<table>
<tr><td>

**MUST BE
POSTMARKED
NO LATER THAN
OCTOBER 28, 2015**

</td><td>

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
*Larson v. Insys Therapeutics Incorporated et al.*
Lead Case No. CV-14-01043-PHX-GMS
Consolidated with: No. CV-14-01077-PHX-GMS

</td><td>

**INS**

</td></tr>
</table>

## III.   CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired Insys common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm through which you purchased the securities, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each record purchaser ("nominee"), if different from the beneficial purchaser of Insys common stock which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE INSYS COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial purchaser may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.   CLAIM FORM

1.      Use Part II of this form entitled "Schedule of Transactions in Insys Therapeutics, Inc. Common Stock" to supply all required details of your transaction(s) in Insys common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and then print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases and all of your sales of Insys common stock which took place at any time between November 12, 2013 through August 11, 2014, inclusive, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction from November 12, 2013 through August 11, 2014 (inclusive), separately and in chronological order, by trade date, beginning with the earliest transaction.  You must accurately provide the month, day and year of each transaction you list.

4.      Broker confirmations, brokerage statements reflecting your purchases, or other documentation of your transactions in Insys common stock should be attached to your claim.  If you do not have documentation from your broker, you may also attach any documents or schedules that you attached to any federal tax return that reflect Settlement Class Period purchases of Insys common stock or the sale of Insys common stock.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information that it may, in its discretion, require to process the claim.

<table>
<tr><td>

**MUST BE
POSTMARKED
NO LATER THAN
OCTOBER 28, 2015**

</td><td>

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
*Larson v. Insys Therapeutics Incorporated et al.*
Lead Case No. CV-14-01043-PHX-GMS
Consolidated with: No. CV-14-01077-PHX-GMS

</td><td>

**INS**

</td></tr>
</table>

## PROOF OF CLAIM AND RELEASE

**PART I: CLAIMANT IDENTIFICATION**

Beneficial Purchaser's Name (First, Middle, Last)

Co-Beneficial Purchaser's Name (if applicable)

Representative's Name (e.g. Nominee, Trustee, etc.) (if applicable)

---

Street Address

City                              State                    Zip Code

Foreign Province                  Foreign Country

Telephone Number (Work)           Telephone Number (Home)

Account Number                    Email (Email address is not required, but if you provide it
                                  you authorize the Claims Administrator to use it to provide
                                  information relevant to the claim)

Last Four Digits of               Last Four Digits of
Social Security Number (for individuals)   Taxpayer Identification Number
                                  (for estates, trusts, corporations, etc.)

                          **OR**

Check appropriate box (check only one box):

☐ Individual/Sole Proprietor   ☐ Corporation   ☐ Partnership   ☐ IRA   ☐ Joint Owners   ☐ Pension Plan

☐ Trust   ☐ Other (describe):

**PART II: SCHEDULE OF TRANSACTIONS IN INSYS THERAPEUTICS, INC. COMMON STOCK**

**A.** Number of shares of Insys common stock
**held at the close of trading on November 11, 2013**:

(If none, write "zero" or "0";
if other than zero, must be documented)

**NUMBER OF SHARES**

**B.** **PURCHASES** of Insys common stock **(November 12, 2013 and August 11, 2014, inclusive):**

| Trade Date (Month/Day/Year) | Number of Shares Purchased | Price Per Share* | Total Purchase Price* |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

\* Do not include commission charges

**C.** **SALES** of Insys common stock **(November 12, 2013 and August 11, 2014, inclusive):**

| Trade Date (Month/Day/Year) | Number of Shares Sold | Price Per Share* | Total Sales Price* |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

\* Do not include commission charges

**D.** Number of shares of Insys common stock
**held at the close of trading on August 11, 2014:**

(If none, write "zero" or "0";
if other than zero, must be documented)

**NUMBER OF SHARES**

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE AND SIGN THE CERTIFICATION ON PAGE 7**

**PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of May 28, 2015, described herein.  I (We) also submit to the jurisdiction of the United States District Court for the District of Arizona, with respect to my (our) claim as a Settlement Class Member (as defined herein) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to Lead Counsel or the Claims Administrator to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Insys common stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

**PART IV: RELEASE**

7.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish and discharge, (1) all of the Released Claims against each and all of the Defendants and all of the Released Persons and (2) any and all claims arising from the institution and prosecution of this Action against each and all of the Released Persons.

8.      This Release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

9.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this Release or any other part or portion thereof.

**PART V: CERTIFICATION**

Under penalty of perjury, I (we) hereby certify and represent that I (we) have included information about all of my (our) transactions in Insys common stock that occurred during the Settlement Class Period as well as the number of shares of Insys Therapeutics, Inc. common stock held by me (us) at the close of trading on August 11, 2014.  By executing this certification, I (we) acknowledge and agree to be bound by the Release set forth above.

Executed this _____ day of _____, 2015, in _____ , _____.

(Month)       (City)       (State/Country)

_____  _____
Claimant - Sign your name here        Joint Claimant - Sign your name here

_____  _____
Claimant - Type or print your name here   Joint Claimant - Type or print your name here

_____  _____
Date               Date

*If Claimant is other than an individual, or is not the person completing this form,*
*the following must also be provided:*

_____  _____
Signature of Person Completing Form    Date

_____  _____
Print Name of Person Completing Form   Capacity of Person(s) Signing (e.g., Beneficial
                 Purchaser(s), Executor, Administrator, etc.)

ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.     Please sign the claim form at Part V on Page 7.

2.     Remember to attach supporting documentation, if available. DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.

3.     Do not send original stock certificates.

4.     Keep a copy of your Proof of Claim Form and Release and all supporting documentation submitted for your records.

5.     The Claims Administrator will acknowledge receipt of your Proof of Claim Form and Release within 60 days.  Your claim is not deemed filed until you receive an acknowledgment postcard or e-mail.  If you do not receive a written acknowledgment within 60 days, please email the Claims Administrator at Insys@AngeionGroup.com.

6.     If you move, please send us your new address to:

**Insys Therapeutics Securities Settlement**
**c/o Angeion Group**
**1801 Market Street, Suite 660**
**Philadelphia, PA 19103**

7.     Please write legibly in blue or black ink. Do not use highlighter on the Proof of Claim Form and Release or supporting documentation.

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN**
**OCTOBER 28, 2015 AND MUST BE MAILED TO:**

**Insys Therapeutics Securities Settlement**
**c/o Angeion Group**
**1801 Market Street, Suite 660**
**Philadelphia, PA 19103**

This Page Intentionally Left Blank

**Insys Therapeutics Securities Settlement**
**c/o Angeion Group**
**1801 Market Street, Suite 660**
**Philadelphia, PA 19103**