Richard G. Himelrick (004738)
**TIFFANY & BOSCO, P.A.**
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, AZ 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
E-mail: rgh@tblaw.com

Lionel Z. Glancy
Peter A. Binkow
Robert V. Prongay
Leanne Heine Solish
Elaine Chang
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Lead Plaintiff Hongwei Li*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Derick Larson,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>Insys Therapeutics Incorporated, et al.,<br><br>　　　　　Defendants. | Lead Case No. CV-14-01043-GMS<br>Consolidated with:<br>No. CV-14-01077-GMS<br><br>**MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF THE SETTLEMENT, CLASS CERTIFICATION AND PLAN OF ALLOCATION, AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES** |
| Hongwei Li,<br><br>　　　　　Lead Plaintiff,<br><br>　　　　　v.<br><br>Insys Therapeutics Incorporated, et al.,<br><br>　　　　　Defendants. | |

MEM. IN FURTHER SUPPORT OF MOT. FOR FINAL APPROVAL OF THE SETTLEMENT, CLASS CERTIFICATION AND PLAN OF ALLOCATION, AND MOT. FOR ATTORNEYS' FEES AND EXPENSES

Lead Plaintiff Hongwei Li ("Lead Plaintiff") respectfully submits this memorandum in further support of Lead Plaintiff's Motion for Final Approval of the Proposed Settlement, Class Certification and the Plan of Allocation (Docket Entry ("Dkt.") No. 72, the "Final Approval Motion") and Motion for an Award of Attorneys' Fees and Expenses, and Reimbursement of Lead Plaintiff's Costs and Expenses (the "Fee Award Motion"). Dkt. No. 73.

## I. PROCEDURAL HISTORY

On June 3, 2015, the Court entered an order dated June 2, 2015 granting preliminary approval of the Settlement (the "Preliminary Approval Order"), appointing Angeion Group ("Angeion" or the "Claims Administrator") to serve as the Claims Administrator for the Settlement,[1] and providing for notice of the Settlement to be disseminated to potential Settlement Class Members. Dkt. No. 67. As detailed in the Final Approval Motion and the Fee Award Motion, the Declaration of Lionel Z. Glancy (Dkt. No. 74), and the Declaration of Charles E. Ferrara (Dkt. No. 71 & 74 at Exhibit ("Ex.") 2 (the "Ferrara Declaration"), the Claims Administrator effectuated a comprehensive notice process to inform Settlement Class Members of the particulars of the Settlement, including the mass mailing of the Mailed Notice and Proof of Claim form,[2] the publication of the Summary Notices, and the creation of a settlement website.

The Preliminary Approval Order and the Mailed Notice provided that Settlement Class Members who did not wish to participate in the Settlement, but wished to retain any causes of action against Defendants, could exclude themselves from the Settlement by opting out in accordance with the procedures established in the Mailed Notice. The Preliminary Approval Order also provided that Settlement Class Members could remain in the Settlement Class, appear and show cause, if they had any reason as to why: (1) the proposed Settlement should

---

[1] Unless otherwise defined, capitalized terms herein have the same meaning as set forth in the Stipulation of Settlement dated May 28, 2015 (the "Stipulation"). Dkt. No. 66.

[2] The Mailed Notice and Proof of Claim form sent to Settlement Class Members were filed with this Court as Exhibit A to the Ferrara Declaration. Dkt. No. 71 at Ex. A.

or should not be approved as fair, reasonable, and adequate; (2) a judgment should or should not be entered thereon; (3) the Plan of Allocation should or should not be approved as fair; (4) Lead Plaintiff should or should not be reimbursed for his time and expenses prosecuting this action; and (5) attorneys' fees and expenses should or should not be awarded to Lead Counsel. The Preliminary Approval Order and the Mailed Notice clearly articulated that for Settlement Class Members to be able to appear and object to the Settlement, they were required to send written notice of their objection to both the Court and to specified representatives for Plaintiffs and Defendants. Settlement Class Members' requests for exclusion or objections to any part of the Settlement were to be postmarked on or before November 13, 2015. Dkt. No. 71 at Ex. A at pp. 3, 8-9.

The deadline for requests for exclusion and objections has now passed and there has been ample time to receive any requests for exclusion or objections that may have been mailed on or before November 13, 2015. *See* Second Supplemental Declaration of Charles E. Ferrara, attached hereto as Exhibit 1. ***Lead Counsel and the Claims Administrator have not received any objections or requests for exclusion***, and more than a week has passed since the deadline for submitting timely requests for exclusion or objections. *Id*. at ¶¶4-5.

## II.   ARGUMENT

In this Circuit, class member reaction to a proposed settlement is one of the factors taken into consideration in the analysis of whether a settlement is fair, reasonable, and adequate. *See e.g., Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998);[3] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Juvera v. Salcido*, No. CV-11-2119-PHX-LOA, 2013 WL 6628039, at *14 (D. Ariz. Dec. 17, 2013). When few class members object to a settlement, a court may appropriately infer that a class action settlement is fair, adequate, and reasonable. *Ching v. Siemens Indus., Inc*., No. 11-CV-04838-MEJ, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014). Here, the lack of a single objection or request for exclusion to the Settlement clearly demonstrates that the proposed Settlement is

---

[3] Unless otherwise noted, all internal quotations and citations are omitted.

1 fundamentally fair, reasonable, and adequate. *In re Apollo Grp. Inc. Sec. Litig.*, No. CV 04-
2 2147-PHX-JAT, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) ("There have been no
3 objections from Class Members or potential class members, which itself is compelling
4 evidence that the Proposed Settlement is fair, just, reasonable, and adequate."); *In re
5 Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the
6 lack of objection of the Class Members favors approval of the Settlement."); *In re Heritage
7 Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *10 (C.D. Cal. June 10, 2005) ("The
8 Court finds the lack of class members that have manifested any disapproval of the Settlement
9 further demonstrates the fairness, adequacy and reasonableness of the Settlement."); *Nat'l
10 Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004)
11 ("It is established that the absence of a large number of objections to a proposed class action
12 settlement raises a strong presumption that the terms of a proposed class settlement action are
13 favorable to the class members.") (citing cases).

14 Similarly, lack of objection to the request for an award of attorneys' fees and expenses
15 evidences overwhelming support for the effort and results achieved by counsel and supports a
16 finding that the requested fees and expenses are reasonable under the circumstances of this
17 Litigation. *See In re Heritage Bond Litig.*, No. 02-ML-1475-DT(RCX), 2005 WL 1594389, at
18 *15 (C.D. Cal. June 10, 2005) (holding that one objector to a settlement in which notice was
19 disseminated to over 6,000 potential class members, "is remarkably small given the wide
20 dissemination of notice [and] [a]ccordingly, the Court concludes that the lack of significant
21 objections to the requested fees justifies an award of one-third of the Settlement Fund.");
22 *Siemens*, 2014 WL 2926210, at *8 (finding "the lack of objection from the class after notice
23 further demonstrates the reasonableness and fairness of Class Counsels' fee request" of 30%
24 of the common fund); *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367,
25 at *7 (N.D. Cal. Feb. 2, 2009) (finding where "no-one requested to be excluded or objected" to
26 the settlement is a factor that "supports the requested award of 30% of the Settlement Fund");
27 *see also In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 985 F. Supp. 410, 416 (S.D.N.Y. 1997)
28 (in "determining the reasonableness of a requested fee, numerous courts have recognized that

1 'the lack of objection[s] from members of the class is one of the most important reasons,'"
2 considered in approving a fee request). Lead Counsel efficiently and effectively prosecuted
3 this Litigation, resulting in a significant recovery for the Class, therefore the requested fees
4 and expenses are fair and reasonable and should be approved. *See generally* Fee Award
5 Motion.

6 Similarly, the lack of any objection to Lead Plaintiff's request for reimbursement of his
7 reasonable time and expenses (including lost wages) prosecuting this action demonstrates that
8 the request is reasonable. *See Patel v. Axesstel, Inc.*, No. 3:14-CV-1037-CAB-BGS, 2015 WL
9 6458073, at *9 (S.D. Cal. Oct. 23, 2015) (finding a $3,000 award reasonable and noting that
10 lack of any class member objections); *Omnivision*, 559 F. Supp. 2d 1036, 1049 (awarding lead
11 plaintiffs' request for $29,913.80 from the settlement fund for reimbursement of their costs
12 and expenses (including lost wages) where class members were provided notice and did not
13 object).

14 The Settlement Class Members' universally positive reaction to the Settlement strongly
15 favors final approval of the Settlement and the Plan of Allocation, certification of the
16 Settlement Class, approval of Lead Counsel's request for an award of attorneys' fees and
17 expenses, and approval of Lead Plaintiff's request for reimbursement of his costs and
18 expenses.

19 **III. CONCLUSION**

20 For the foregoing reasons, Lead Plaintiff respectfully submits that: (1) the Settlement
21 and the Plan of Allocation are fair, reasonable, and adequate; (2) the Final Approval Motion
22 should be granted in full; (3) the Court should approve Lead Counsel's application for an
23 award of attorneys' fees of 27.5% of the Settlement Fund and reimbursement of $63,167.15 in
24 expenses, and Lead Plaintiff's request for reimbursement of his costs and expenses (including

lost wages) in the amount of $2,500; and (4) enter the Final Judgment and Order of Dismissal with Prejudice.[4] Dkt. No. 66-5, at Ex. B.[5]

Dated:  November 25, 2015

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:  *s/ Lionel Z. Glancy*
Lionel Z. Glancy
Peter A. Binkow
Robert V. Prongay
Leanne H. Solish
Elaine Chang
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Lead Plaintiff Hongwei Li*

**TIFFANY & BOSCO, P.A.**
Richard G. Himelrick (004738)
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, AZ 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103

*Liaison Counsel for Lead Plaintiff Hongwei Li*

---

[4] The Effective Date of the Stipulation of Settlement is conditioned on the occurrence of the entry of the Final Judgment and Order of Dismissal with Prejudice in the form previously submitted to the Court.  Dkt. No. 66 at ¶¶ 7.1(d), 7.2.

[5] An updated proposed Final Judgment and Order of Dismissal with Prejudice was provided to the Court by email on November 4, 2015, as the proposed order corresponding to Dkt. Nos. 72 and 73. This proposed Final Judgment and Order of Dismissal with Prejudice is attached hereto as Exhibit 2.

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*s/ Lionel Z. Glancy*
Lionel Z. Glancy

# Mailing Information for a Case 2:14-cv-01043-GMS Larson v. Insys Therapeutics Incorporated et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter M Adams**
  padams@cooley.com,maraujo@cooley.com

- **Peter A Binkow**
  pbinkow@glancylaw.com,info@glancylaw.com,sskouras@glancylaw.com

- **Donald Wayne Bivens**
  dbivens@swlaw.com,sstanley@swlaw.com,docket@swlaw.com

- **Elaine Chang**
  echang@glancylaw.com,info@glancylaw.com

- **Patrick V Dahlstrom**
  pdahlstrom@pomlaw.com,mzehel@pomlaw.com

- **Koji F Fukumura**
  kfukumura@cooley.com,cdeatrick@cooley.com,chourani@cooley.com

- **Lionel Zevi Glancy**
  info@glancylaw.com,lglancy@glancylaw.com

- **Richard Glenn Himelrick**
  rgh@tblaw.com,sab@tblaw.com

- **Robin Bronzaft Howald**
  rhowald@glancylaw.com,treiss@glancylaw.com,hobbit99@aol.com

- **Jennifer Lynn Kroll**
  jkroll@martinbonnett.com

- **Jeremy A Lieberman**
  disaacson@pomlaw.com

- **Susan Joan Martin**
  smartin@martinbonnett.com,tmahabir@martinbonnett.com,mblawfirm@aol.com

- **Francis P McConville**
  fmcconville@pomlaw.com,abarbosa@pomlaw.com

- **Robert V Prongay**
  rprongay@glancylaw.com,info@glancylaw.com

- **Leanne Heine Solish**
  lheine@glancylaw.com

- **Nicole Elizabeth Sornsin**
  nsornsin@swlaw.com,jthomes@swlaw.com,docket@swlaw.com

- **Kara M Wolke**
  kwolke@glancylaw.com

- **Blake Zollar**
  bzollar@cooley.com,bdanziger@cooley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`