# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derick Larson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Insys Therapeutics Incorporated, et al.,<br><br>　　　　　Defendants. | Lead Case No. CV-14-01043-PHX-GMS<br>Consolidated with:<br>No. CV-14-1077-PHX-GMS<br><br>**FINAL JUDGMENT AND DISMISSAL ORDER** |
| Hongwei Li,<br><br>　　　　　Lead Plaintiff,<br><br>v.<br><br>Insys Therapeutics Incorporated, et al.,<br><br>　　　　　Defendants. | |

WHEREAS, the Court has been informed that Hongwei Li, Lead Plaintiff in this action, and defendants Insys Therapeutics, Inc. ("Insys"), Michael L. Babich, Darryl S. Baker, Dr. John N. Kapoor, and Dr. Larry M. Dillaha (collectively, "Defendants") have reached a mutually agreeable settlement of this Action and have entered into a Stipulation of Settlement, executed on May 28, 2015 (the "Stipulation");

WHEREAS, this matter came before the Court for hearing on December 4, 2015, pursuant to the Order of this Court dated June 2, 2015, on the application of the parties for approval of the settlement as set forth in the Stipulation;

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motion and supporting papers, and found good cause appearing therefore;

**IT IS HEREBY ORDERED:**

1.     This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.     This Court has the requisite jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members who did not file, pursuant to the Court's Preliminary Approval Order dated June 2, 2015, a timely request for exclusion from the Settlement Class by the November 13, 2015 deadline.

3.     The Court finds, for the purposes of the Settlement only, that the prerequisites to a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court-appointed Lead Plaintiff Hongwei Li are typical of the claims of the Settlement Class he represents; (d) the Lead Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this action is hereby finally certified as a class action, on behalf of all Persons who purchased or otherwise acquired shares of Insys common stock, between November 12, 2013 through May 14, 2014, inclusive (the "Settlement Class

Period"), and were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are (a) Defendants; any parent or subsidiary, present or former director, officer, or subsidiary of Insys; any entity in which any excluded person has a controlling interest; their legal representatives, heirs, successors and assigns; any immediate family member of a Settling Individual Defendant; and (b) any putative members of the Settlement Class who timely and validly exclude themselves from the Settlement Class in accordance with the requirements set forth in the Mailed Notice and Rule 23 of the Federal Rules of Civil Procedure.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds that the Stipulation, the Settlement contained therein, and proposed Plan of Allocation are fair, just, reasonable, and adequate to, and is in the best interests of each of the Parties and the Settlement Class. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations that took over two months to conclude between experienced counsel representing the interests of the Plaintiffs, Class Members and the Defendants that were also held before a third party mediator. Accordingly, the Stipulation, Settlement contained therein, and proposed Plan of Allocation are hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

6. The distribution of the Mailed Notice and the publication of the Summary Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notices (i) provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation of Settlement, to all Persons entitled to such notices; (ii) constitute due, adequate and sufficient notice to all Persons entitled to receive notice and (iii) fully satisfy the requirements of Federal

Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, the Due Process Clause(s) of the United States Constitution, the rules of this Court and any other applicable law.

7. The Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Plaintiffs and the other Members of the Class, and as against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. Except as to any individual claims of Persons identified on Exhibit 1, who have timely and validly requested exclusion from the Settlement Class, the Action and all claims contained therein, including the Released Claims and Released Defendants' Claims, as against the Released Parties, are hereby extinguished.  Those Persons listed on Exhibit 1 shall not have any rights to receive any distribution from the Net Settlement Fund or otherwise.

9. Upon the Effective Date:

a. Lead Plaintiff and each of the members of the Settlement Class, on behalf of themselves, and to the extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Defendants' Parties from the Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Claim against any of them, directly, indirectly, or in any other capacity, whether or not such members of the Settlement Class execute and deliver a Proof of Claim and Release.

b. The Defendants, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives,

attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of this Order shall have, fully, finally, and forever, released, relinquished, settled and discharged the Lead Plaintiff, the members of the Settlement Class, their attorneys, and the Released Plaintiffs' Parties from the Released Defendants' Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Defendants' Claim against any of them directly, indirectly or in any other capacity.

10. In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution are hereby permanently barred and discharged if the claim or claims:

    a. Arise out of the Action or any Released Claim; and

    b. Are filed by any Person against any Released Party.

11. This Order of Final Judgment and Dismissal is a final judgment in the Action as to all claims, including Unknown Claims, among the Defendants and their Released Parties, on the one hand, and Lead Plaintiff, the members of the Settlement Class, and their Released Parties, on the other hand.

12. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or infirmity of any Released Claim, of any allegation made in the Action, or of any wrongdoing or liability of any of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that Lead Plaintiff and the Settlement Class Members would have received less than the Settlement Amount had the Action been prosecuted to

conclusion. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce or interpret the terms of the Settlement, and except that any of the Released Parties may file the Stipulation and/or this Order in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses, including the reimbursement of expenses to Plaintiffs, in the Litigation; and (d) the Settling Parties hereto for the purpose of construing, enforcing and administering the terms of the Stipulation.

14. Pursuant to Section 21D(c)(1) of the Private Securities Litigation Reform Act of 1995, this Court hereby finds that each Party and its respective counsel has complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to all pleadings and motions related to the Released Claims, and that insofar as it relates to the Released Claims, the Action was not brought for any improper purpose and is not unwarranted by existing law or legally frivolous.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the provisions of Paragraph 6.3 of the Stipulation and shall be vacated and, in such

event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation of Settlement.

16. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. The Court **GRANTS** Lead Counsel's request for attorneys' fees in the amount of 27.5% of the Settlement Fund, and reimbursement of reasonable and necessary expenses incurred in the prosecution of the Action in the amount of $63,167.15, together with the interest earned thereon for the same time period and at the rate earned by the Settlement Fund until paid. Said fees shall be allocated among Plaintiffs' Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Class.

18. The Court hereby **GRANTS** Lead Plaintiff's reimbursement of his reasonable costs and expenses (including lost wages) directly related to his representation of the Settlement Class in the amount of $2,500.00.

19. Any order approving or modifying the Plan of Allocation, Lead Counsel's application or award of attorneys' fees and expenses, or Lead Plaintiff's application or award for reimbursement of costs and expenses, shall not disturb or affect the finality of this Judgment, the Stipulation, or the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement.

20. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation of

Settlement and in particular ¶ 6.2 thereof, which terms, conditions, and obligations are incorporated herein.

**IT IS SO ORDERED.**

Dated this 7th day of December, 2015.

_____
Honorable G. Murray Snow
United States District Judge